UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WAYNE SHARP,<br>JOHN DOE #1,<br>JOHN DOE #2,<br>JOHN DOE #3,<br>JOHN DOE #4,<br>JOHN DOE #5,<br><br>   Plaintiffs,<br><br>   v.<br><br>CONSOLIDATED CITY OF INDIANAPOLIS<br>AND MARION COUNTY,<br>JOE HOGSETT Mayor, in his official<br>capacity,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-cv-01584-JPH-TAB |

**ORDER**

On June 8, 2020, Plaintiffs filed a complaint, dkt. 1, a motion for temporary restraining order, dkt. 2, and an amended motion for temporary restraining order, dkt. 5; and the Court held a telephonic status conference, dkt. 8.  The Court now **ORDERS** as follows.

    **I.**    **Motions for Temporary Restraining Order**

Under the agreement of the parties at the June 8, 2020 telephonic status conference, dkt. 8, Plaintiffs' motions for temporary restraining order are **DENIED as moot**, dkt. [2], dkt. [5].

    **II.**    **John Doe Plaintiffs**

Because [j]udicial proceedings are supposed to be open," there is a "presumption that parties' identities are public information."  *Doe v. City of*

1

*Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).  "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity."  *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).  Because there must be a basis for proceeding anonymously, a party may not do so by agreement—district judges have "an independent duty to determine whether exceptional circumstances justify" the use of fictitious names.  *Doe v. City of Chicago*, 360 F.3d at 669–70.

Therefore, if Plaintiffs intend to proceed anonymously, they **SHALL FILE** a motion to do so **by July 10, 2020**.

### III.   Jurisdiction

Plaintiffs' complaint alleges that this Court has federal-question jurisdiction under 28 U.S.C. § 1331.  Dkt. 1 at 4.  Plaintiffs also bear the burden to establish that they have standing.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Under Article III of the Constitution, the "'judicial Power of the United States' . . . extends only to 'Cases' and 'Controversies.'" *Spokeo*, 136 S. Ct. at 1547 (quoting Art. III §§ 1, 2).  "No principle is more fundamental to the judiciary's proper rule in our system of government" than that constitutional limitation "to actual cases or controversies."  *Id.* at 1547 (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."  *Id.*  To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to

the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1547; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs' claims are (1) unlawful destruction of United States government property, and (2) deprivation of a property interest without due process of law.  Dkt. 1 at 6.  They have not explained how they have suffered an injury in fact by the "destruction" of United States property, or by the deprivation of any specific property right.  Nor have they shown redressability, because they have not explained how any property right they may have would be preserved by the relief that they seek.

A federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court's obligation includes knowing the details of the underlying jurisdictional allegations.  *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).  Therefore, the Court **ORDERS** Plaintiffs to file a jurisdictional statement addressing standing **by July 10, 2020**.  Defendants **MAY RESPOND by July 24, 2020**.

**SO ORDERED.**

Date: 6/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Mark Eliot Shere
ms@sherelaw.com

3

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov